**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION**

**ALICE JOHNSON,**

    **Plaintiff;**

**vs.**

Case No.: _____

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

    **Defendant.**

---

## COMPLAINT

---

COMES NOW Plaintiff, Alice Johnson (hereinafter "**Plaintiff**" or "**Ms. Johnson**"), by and through her attorneys, and for her Complaint against Defendant, Hartford Life and Accident Insurance Company (hereinafter "**Defendant**" or "**Hartford**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of National Textiles, LLC's Group Long Term Disability Plan and corresponding insurance policy (**Policy No.: 83103424**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered and/or managed by Hartford[1] for the

---

[1] The Policy was originally underwritten/administered and/or managed by CNA Group Life Assurance Company. Upon information and belief, **Hartford** is the due successor-in-interest to that CNA entity. For the remainder of this document, the term "**Hartford**" shall mean and include both CNA Group Life Assurance Company and Hartford Life and Accident Insurance Company.

benefit of certain employees of National Textiles, LLC (hereinafter "**National**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Hartford Insured ID: 9002258074**.

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Alice Johnson[2] lives in Bulls Gap, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place with the Eastern District of Tennessee.

5. At all times relevant hereto, Ms. Johnson was an "employee" of National, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at National on or about April 25, 2006.

6. At all times relevant hereto, National was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant Hartford was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Hartford was an "administrator" and/or a "fiduciary" for

---

[2] Plaintiff's maiden name is Alice Altizer, which occasionally appears on claim documents and correspondence.

the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Hartford is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Hartford has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8.  At the times relevant hereto, Defendant Hartford acted as agent for the Plan and for Plan Sponsor/Plan Administrator National.

9.  Under the Plan, National delegated or assigned to Defendant Hartford the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides that, after the first 24 months, "Disability means that Injury or Sickness causes physical or mental impairment to such a degree of severity that [the insured is] (1) continuously unable to engage in any occupation for which [he or she is or becomes] qualified by education, training or experience; and (2) not Gainfully Employed."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is currently 53 years old, and her date of birth is in January, 1968.

15. Plaintiff worked for National as a knitting supervisor, earning annual wages of approximately $40,823.00

16. Plaintiff has a high school education and worked for National as a knitting supervisor for approximately seven years.

17. Owing to her established medical disability, as stated, Ms. Johnson's last day of work was on or about April 25, 2006.

18. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: fibromyalgia, major depressive disorder, bipolar disorder, COPD, irritable bowel syndrome, and gastritis.

19. After she could no longer perform her work for National, Ms. Johnson was eligible and applied for LTD benefits, through and approved by Hartford. LTD benefits were paid for over thirteen (13) years, from October 23, 2006 through September 30, 2020.

20. The initial denial letter was dated September 25, 2020.

21. Despite due appeal(s) by or on behalf of Plaintiff, Hartford has continued to deny LTD benefits. The final denial letter was dated December 31, 2020.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

25. Also, Ms. Johnson has been found to qualify for Social Security disability (SSD) benefits. She was found disabled by the Social Security Administration (SSA) -- effective as of October, 2006. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

26. Under any ERISA standard of review that may apply,[3] the position taken by Hartford in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Hartford were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, Hartford's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1. Specifically, in a letter dated January 6, 2021, Hartford informed Ms. Johnson that, in reaching its decision to deny further LTD benefits, it did not consider all the medical proof she submitted as part of her appeal.

---

[3] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

5

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and

Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[4] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of,

---

[4] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[5] and post-judgment interest[6] on all amounts awarded or to be awarded;

      E.      That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant renders and provides a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

      F.      That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

      G.      Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend/supplement this lawsuit and the Prayer for Relief; this includes without limitation amended/supplemental pleading to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 1st day of April, 2021.

---

[5] *See, Curtis v. Hartford Life & Accident Ins. Co*., 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[6] *See*, 28 U.S.C. § 1961.

**Respectfully Submitted,**

CODY ALLISON & ASSOCIATES, PLLC

/s/ K. Cody Allison
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Lauren W. Travis, BPR No. 32473
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
lauren@codyallison.com